UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR TAYLOR,<br><br>            Plaintiff,<br><br>    v.<br><br>D. CUEVA,<br><br>            Defendant. | No. 2:24-cv-00634 SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's complaint for screening (ECF No. 1), motion to proceed in forma pauperis (ECF No. 7), and motions to appoint counsel (ECF Nos. 17 and 19). For the reasons described below, the court recommends that the action be dismissed with prejudice as duplicative of the earlier filed case Taylor v. Gordan et al., 2:24-cv-00403-CKD (E.D. Cal.).

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). However, because the undersigned is recommending that this case be summarily dismissed and because Plaintiff may have filed the duplicative case believing that the instant case would not be transferred from the Central District,

1

1  the undersigned will deny Plaintiff's motion to proceed in forma pauperis as moot and without
2  prejudice.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**BACKGROUND**

I.   **Plaintiff's Allegations in the Instant Case**

Plaintiff is a prisoner at the California Medical Facility ("CMF") in Vacaville. Plaintiff filed the instant case in the Central District of California on December 11, 2023. (ECF No. 1.) The case was transferred to the Eastern District of California, Sacramento Division, on February 26, 2024. (ECF No. 8.)

The allegations in plaintiff's complaint are difficult to decipher. Plaintiff appears to allege

1  staff misconduct by a correctional officer ("c/o") Gordan in May 2023. Plaintiff claims that after
2  he put in a healthcare service request to see his primary clinician Martinez, Gordan lied and told
3  Martinez that plaintiff was not available to see him. (ECF No. 1 at 1-2.) Plaintiff filed a
4  grievance against Gordan for the incident on May 11, 2023. (Id. at 2.) Gordan then retaliated
5  against plaintiff by leaving him in his cell the following Monday, causing plaintiff to be late for
6  breakfast and miss school and his group's mental health and wellness session. (Id.) When
7  plaintiff tried to explain the problem to a Lt. Kanctil, Gordan threatened plaintiff with a 115 rule
8  violation. (Id. at 3.)

Plaintiff next alleges that the "C.D.C." staff are "opening my seal[ed] going out legal mail." (ECF No. 1 at 3.) Second, plaintiff alleges that the C.D.C. staff put him on the 2nd and 3rd floor and are forcing him to use "unlimited stairs" and lift weight over 19 lbs. (Id. at 3.) Plaintiff attached to the complaint an undated and unsigned reasonable accommodation request for placement on a lower tier and lower bunk and limited stairs due to stage II chronic kidney failure. (Id. at 5.)

In addition to c/o Gordan, plaintiff's complaint names c/o Sasuee, c/o Reye, 2nd watch Lt. Kanctil, Warden Cueva, and an unnamed female sergeant. (ECF No. 1 at 3.) Plaintiff alleges violations of the Eighth Amendment, Fourteenth Amendment, First Amendment, Cal. Gov. Code § 195782, Section 17 of the California Constitution, and the Americans with Disabilities Act. (Id. at 2-3.) He seeks $1.5 million dollars in damages. (Id. at 6.)

**II.   Earlier Filed Case**

Plaintiff currently has another civil rights action pending in the Eastern District, Taylor v. Gordan et al., 2:24-cv-00403-CKD ("Taylor I"). Plaintiff filed Taylor I on February 5, 2024, three weeks before the instant case was transferred to the Eastern District. On screening, Judge Delaney dismissed plaintiff's Taylor I complaint for failure to state a claim upon which relief can be granted and granted leave to amend. Taylor v. Gordan et al., No. 2:24-CV-0403-CKD-P, 2024 WL 4262342, at *1 (E.D. Cal. Sept. 19, 2024). Plaintiff filed his first amended complaint on October 15, 2024 (Taylor I, ECF No. 19), which has yet to be screened due to plaintiff's subsequent appeal.

1    Plaintiff's Taylor I complaint named as defendants c/o Gordan, Warden D. Cueva, Lt.
2    Kanctll, c/o Reye, Sgt. G.F., and c/o Sasuee.  (See Taylor I, ECF No. 1 at 1-2.)  The claims
3    include violations of Cal. Code Regs., tit. 15, § 3391, Cal. Gov. Code § 19572, the First, Eighth,
4    and Fourteenth Amendments of the U.S. Constitution, Art. 1, Sec. 17 of the California
5    Constitution, and the Americans with Disabilities Act.  (Id. at 3.)  While difficult to understand,
6    the complaint appears to allege that in May 2023, c/o Gordan retaliated against plaintiff for filing
7    a 602 grievance after c/o Gordan interfered with plaintiff's ability to see his primary clinician
8    Martinez.  C/o Gordan later threatened plaintiff with 115 rules violations.  (Id. at 3.)  The
9    complaint further alleges that plaintiff was moved to a higher tier in the prison despite approved
10   accommodations to limit stairs (id.), and that prison staff open his sealed, outgoing legal mail.
11   (Id. at 5.)

**DISCUSSION**

13   "A complaint 'that merely repeats pending or previously litigated claims'" is subject to
14   dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir.
15   1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative action
16   arising from the same series of events and alleging many of the same facts as an earlier suit" may
17   be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at 1021.
18   "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of
19   proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"
20   Adams v. California Dep't of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted),
21   overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).
22   After a close examination of the plaintiff's instant complaint and court records from
23   Taylor I, the undersigned finds that plaintiff's instant complaint contains allegations that are
24   identical to, and therefore duplicative of, the claims raised in Taylor I.  The factual allegations,
25   timelines, defendants, and causes of action in both actions are all substantively the same.  It is
26   plausible that plaintiff filed the Taylor I complaint – which, unlike the instant action, is on the
27   Eastern District's prisoner civil rights complaint template – without the knowledge that the
28   Central District would later transfer the instant action to the Eastern District.  But regardless of

plaintiff's intent, the repetitiveness of plaintiff's instant, second-filed lawsuit warrants dismissal without leave to amend pursuant to § 1915(e).  See Denton v. Hernandez, 504 U.S. 25, 30 (1992) (recognizing Congress' concern regarding IFP litigants "filing frivolous, malicious, or repetitive lawsuits") (emphasis added).

### PLAIN LANGUAGE SUMMARY

The court has reviewed the allegations in your complaint and found that they are the exact same claims filed in an earlier case that is currently pending in this same court.  The law does not allow the same claims to be raised in multiple lawsuits.  Because this action was transferred to this court later in time, it is recommended that it be dismissed.  You may continue to pursue these claims in your other case, Taylor v. Gordan et al., 2:24-cv-00403-CKD (E.D. Cal.).

If you do not agree with this recommendation, you can explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review the file and make the final decision.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall randomly assign a district judge to this matter;

2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is DENIED as moot and without prejudice;

3. Plaintiff's motions to appoint counsel (ECF Nos. 17 and 19) are DENIED as moot.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's complaint (ECF No. 1) be dismissed with prejudice as duplicative of plaintiff's earlier filed action Taylor v. Gordan et al., 2:24-cv-00403-CKD (E.D. Cal.).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE